## HARDING *v.* FAHEY.

In an action of trespass for killing a mare, the court should, on request, instruct the jury, " that the plaintiff could not recover, unless proved to their satisfaction that the defendant did kill the plaintiff's mare unlawfully.

---
Harding v. Fahey.

---

ERROR, *to Lee District Court.*

*J. C. Hall,* for the plaintiff in error, cited 2 Leigh's Nisi Prius, 1,404; 2 Cowen and Hill's Notes, 67, 396; *Dunlap* v. *Patterson,* 5 Cow. 243; *Clarke* v. *Dutcher,* 9 Cow. 674.

*George C. Dixon,* for the defendant. 1. The defendant was liable for shooting mare, even if such shooting was accidental. 1 Campbell's Nisi Prius, 497; 14 John. 432; 7 Blackf. 342; 11 Mass. 137; 2 Campbell's N. P. 464; 3 East. 393; 10 Bing. 112.

*Opinion by* HASTINGS, C. J.   In an action of trespass the court was requested to instruct the jury, "that the plaintiff is not entitled to recover, unless it has been proved to their satisfaction that the defendant did kill the plaintiff's mare unlawfully," which the court refused to do, but charged the jury, that if the defendant killed the mare accidentally, he was liable, and that his liability did not depend upon the intention with which the act was done.

Taking the instruction refused in connection with the instruction given, the jury were advised by the court, that the defendant would be liable in trespass for any injury to the person or property of the plaintiff, committed through an unforeseen, unavoidable accident, exhibiting no want of care and caution.   It cannot be imagined that for all injuries that may occur in the lawful exercise of a man's rights, he should be responsible in trespass.

The court below, we think, erred in not qualifying the instruction given, and in refusing to give substantially the instruction asked.

Judgment reversed.