**IN THE COURT OF APPEALS OF IOWA**

No. 23-1953
Filed December 4, 2024

**CLAY BLANCHARD,**
　　　Plaintiff-Appellant,

**vs.**

**CITY OF DES MOINES,**
　　　Defendant-Appellee.
_____

　　　Appeal from the Iowa District Court for Polk County, David Nelmark, Judge.


　　　The plaintiff appeals from the district court's order dismissing his negligence

petition against the defendant for failure to allege that the law on which the lawsuit

is based is "clearly established."  **REVERSED AND REMANDED.**


　　　Kenneth R. Munro, Des Moines, for appellant.

　　　Luke DeSmet, Assistant City Attorney for Des Moines, for appellee.


　　　Heard by Tabor, C.J., and Ahlers and Sandy, JJ.

**SANDY, Judge.**

Clay Blanchard appeals from the district court's order dismissing his negligence lawsuit against the City of Des Moines (City) for failure to allege in his petition that the law on which the lawsuit is based is "clearly established," as required by Iowa Code section 670.4A(3) (2023). Blanchard argues the district court erred in dismissing the lawsuit because Iowa Code section 670.4A does not apply in this case and, even if it does, his petition specifically pleaded and set forth claims that were clearly established at the time of the incident. We hold that Blanchard's petition specifically pleaded and set forth clearly established claims, and reverse and remand for further proceedings consistent with this opinion.

## I. Background Facts and Proceedings

In his petition, Blanchard alleged that the City negligently "created a hazard at the intersection of Fleur Drive (Fleur) and Southlawn Drive (Southlawn) by planting or allowing to grow, oversize vegetation in boxes and in the median between the lanes." He alleged the City then "erect[ed] a warning sign in the street" which, combined with the oversize vegetation boxes, prevented drivers from seeing oncoming traffic.

On September 9, 2021, Blanchard was driving his motorcycle northbound on Fleur near the Fleur and Southlawn intersection. Kevin Olson was simultaneously driving his vehicle southbound on Fleur near the same intersection. Because of the condition of the median, Olson began to turn left onto Southlawn without seeing Blanchard in the northbound lane of Fleur. Blanchard then laid down his motorcycle to avoid a collision with Olson's vehicle. Blanchard was injured from the fall from his motorcycle.

On August 22, 2023, Blanchard filed a petition in the Iowa District Court for Polk County alleging negligence against the City. There were no other defendants. The City then moved to dismiss, and Blanchard entered a resistance to that motion. The City replied to Blanchard's resistance, and on November 21, the district court dismissed Blanchard's petition. Blanchard now appeals.

## II. Standard of Review

"We review a district court's ruling on a motion to dismiss for the correction of errors at law." *Struck v. Mercy Health Servs.-Iowa Corp.*, 973 N.W.2d 533, 538 (Iowa 2022) (citation omitted).

## III. Discussion

First passed in 2021, Iowa Code section 670.4A(3) sets forth certain heightened pleading requirements for tort claims against government defendants under Iowa Code chapter 670. *See* 2021 Iowa Acts ch. 183, § 14. Section 670.4A(3) states that a plaintiff must (1) "state with particularity the circumstances constituting the violation," (2) "plead a plausible violation of the law," and (3) plead "that the law was clearly established at the time of the alleged violation." *Accord Victoriano v. City of Waterloo*, 984 N.W.2d 178, 181 (Iowa 2023). "Failure to plead a plausible violation or failure to plead that the law was clearly established at the time of the alleged violation shall result in dismissal with prejudice." Iowa Code § 670.4A(3).

Blanchard argues that the pleading requirements of section 670.4A do not apply to his petition because he is not "claiming vicarious liability of a municipality, and since there is no allegation of any violation of law by a state or local official, there is no defense of qualified immunity available to the [City]." Blanchard did not

bring this argument before the district court so we cannot address it here. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). To be clear, Blanchard's failure to preserve error on this issue means we take no position on whether section 670.4A applies to his petition, and we save that fight for another day.

Our supreme court has held that the plausibility aspect of section 670.4A(3) "require[s] the same pleading as the Federal Rules of Civil Procedure." *Nahas v. Polk Cnty.*, 991 N.W.2d 770, 781 (Iowa 2023). "'Particularity' and 'plausible' are established terms of art in federal civil procedure." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009)). "[I]f a word is obviously transplanted from another legal source, whether the common law or other legislation, it brings the old soil with it." *Id.* (alteration in original) (citation omitted).

To plead a plausible claim, the petition's specific factual allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Because plausibility is a "context-specific" inquiry, the reviewing court must "draw on its judicial experience and common sense." *Nahas*, 991 N.W.2d at 782 (citation omitted). A plaintiff need not prove probability to survive an initial plausibility review, but the petition must raise "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. Because probability is not required, "a well-pleaded [petition] may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).

The plaintiff must also plead that the law was clearly established at the time of the violation. Iowa Code § 670.4A(3). Government defendants are often subject to civil immunities, and immunity questions are best resolved during the pleadings stage. *See, e.g.*, *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ("[W]e repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation."). Those questions are to be resolved early because qualified immunity not only serves as protection from liability—it protects government defendants from the risks and distractions of trial as well. *See Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1985).

But alleging that the law was clearly established is not the legislature's imposition of a magic-words requirement. Rather, it requires the district court to review the petition and pleadings and decide at the motion-to-dismiss stage whether this substantive requirement has been met. *Payne v. Britten*, 749 F.3d 697, 702 (8th Cir. 2014) ("Courts may ask only whether the facts as alleged plausibly state a claim and whether that claim asserts a violation of a clearly established right."). Section 670.4A only bars a claim when the plaintiff has failed to clear that threshold. Traditionally understood, common law relating to torts establishes a claim when a duty is established. Duty simply answers the question, "is this the type of thing that happens to this type of person when this type of thing is done?" If sufficient facts are provided in the pleading to enable the judge to answer yes to that question, the claim is a recognized cause of action rendering it clearly established law.

The City does not argue that Blanchard failed to state with particularity the circumstances constituting the violation. But it does argue that he failed to plead a plausible violation and allege a clearly established law. We disagree.

First, the district court did not rule that Blanchard failed to plead a plausible violation. It only dismissed his petition on the basis "that the [p]etition does not comply with Iowa Code section 670.4A(3) in that it does not allege that the law on which the lawsuit is based is 'clearly established.'" Thus, we only consider whether Blanchard properly alleged that the city violated a "clearly established" law.

Second, as Blanchard points out, much of the City's argument revolves around (1) Blanchard's failure to recite these magic-words—"duty to prevent a dangerous condition[1] was clearly established law"—as well as (2) its characterization of his claims as conclusory. The City argues, without citation to authority, that the plaintiff must plead "reference to authority." The problem with the city's argument is that it overlooks the substantive purpose of the clearly-established-law pleading requirement—allowing the district court to evaluate whether a clearly established right has been violated. *See Payne*, 749 F.3d at 702.

The City seemingly concedes that Blanchard has clearly identified a cause of action. In its brief, it contends that "the clearly established requirement must require more than identifying the cause of action being pursued." But the City does

---

[1] Restatement (Third) of Torts: Phys. & Emot. Harm § 51 cmt. e (Am. L. Inst. 2012); *see also Est. of Farrell by Farrell v. State*, 974 N.W.2d 132, 134 (Iowa 2022) ("[W]e hold the pleadings state actionable tort claims alleging governmental misfeasance that created a dangerous condition on the government owned highway interchange . . . .").

not specify what further pleading was required here. And it can't. That is because Blanchard specifically outlined each element of his dangerous condition claim.

In his petition, Blanchard directly alleged negligence. Negligence is a familiar claim to all Iowa courts. It is well-rooted in common law and has been a claim raised in our courts since Iowa was first admitted as a state. *See* Nathan Honson, *Iowa Tort History*, *1839-1869: Subsidization of Enterprise or Equitable Allocation of Liability?*, 81 Iowa L. Rev. 811, 815–16 (1996) (stating our supreme court first applied the negligence standard in 1848); *cf. Harding v. Fahey*, 1 Greene 377, 378 (Iowa 1848). It is hard to conceive of a more clearly established law than that of a common law negligence claim.

And Blanchard's allegation that the City caused him injury based on its alleged negligence was not merely conclusory as the City suggests. Worth repeating, he specifically stated each element of an Iowa common law negligence claim. *See DeSousa v. Iowa Realty Co.*, 975 N.W.2d 416, 420 (Iowa 2022) ("An actionable negligence claim requires 'the existence of a duty to conform to a standard of conduct to protect others, a failure to conform to that standard, proximate cause, and damages.'" (citation omitted)). Blanchard described the city's duty to conform to a "standard of conduct to protect others." *Id.* He provided specific facts illustrating its failure to conform to that standard and specifically described his injury and its specific proximate cause. *Id.*

He alleged, "The City had a duty to maintain its property in such a way as to permit the safe travel of vehicles." He also stated that the city maintained planters in the median of Fleur and that the "vegetation grown by the City in these planters blocked north and southbound vehicles from seeing each other; the City

also put a large traffic sign in the travelled portion of the roadway that compounded this problem." Blanchard then stated that "because of the City's negligence"—the aforementioned vegetation growth and sign placement—an oncoming vehicle could not see him and turned into his path. And Blanchard argued that these negligent acts proximately caused his injury—the oncoming driver did not see him, he laid down his bike to avoid a collision, and he injured himself.

The City wants it both ways. It criticizes Blanchard for not expressly citing authority but dismisses Blanchard's reference to the City's negligence as "conclusory allegations" despite the surrounding alleged facts. Blanchard set out each element of a claim for negligence and applied those facts to the elements. Whether the district court was looking for magic words or a case citation in Blanchard's petition (both of which are unnecessary), Blanchard's petition and subsequent filings allowed the district court to evaluate whether a clearly established right had been violated contrary to its ruling otherwise. Accordingly, we reverse the district court's order granting the City's motion to dismiss and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**